JUDGE REARDEN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ORIGINAL

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SHANE McGREGOR and<br>MEKHI McGOWAN,<br><br>Defendants. | **SEALED INDICTMENT**<br><br>23 Cr.<br><br> 23 CRIM 372 |

**COUNT ONE**
**(Conspiracy to Commit Wire Fraud)**

**Overview**

The Grand Jury charges:

1. From at least in or about June 2021 through at least in or about July 2021, SHANE McGREGOR and MEKHI McGOWAN, the defendants, and others known and unknown, engaged in a scheme to obtain and attempt to obtain loans through a loan program of a particular New York City retirement system ("Victim-1") that offered short-term loans to eligible members ("Members"). In applying for these loans, McGREGOR, McGOWAN, and their co-conspirators fraudulently obtained more than approximately $750,000 in tax-deferred annuity loans, which funds were drawn from the Members' retirement savings.

2. In the course of the scheme, SHANE McGREGOR and MEKHI McGOWAN, the defendants, and others known and unknown, registered online accounts via a Victim-1 portal in the names of more than approximately 30 Members. Once they had registered the Victim-1 portal accounts, they changed the Members' contact information and bank account information in the portal to addresses, phone numbers, and/or bank accounts that were, in fact, controlled by McGREGOR, McGOWAN, or other co-conspirators. They then submitted loan applications in

the Members' names and, once the loans were funded, transferred or withdrew the loan funds.

3. SHANE McGREGOR and MEKHI McGOWAN, the defendants, utilized the stolen identities of dozens of Members in order to obtain the fraudulent loans.

## STATUTORY ALLEGATIONS

4. From at least in or about June 2021 through at least in or about July 2021, in the Southern District of New York and elsewhere, SHANE McGREGOR and MEKHI McGOWAN, the defendants, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit wire fraud, in violation of Title 18, United States Code, Section 1343.

5. It was a part and an object of the conspiracy that SHANE McGREGOR and MEKHI McGOWAN, the defendants, and others known and unknown, knowingly having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343, to wit, McGREGOR, McGOWAN, and others agreed to engage in a scheme to fraudulently obtain loans from Victim-1, by making false statements in support of loan applications submitted in the names of Members whose identities had been stolen, which scheme involved electronic communications transmitted into and out of the Southern District of New York.

(Title 18, United States Code, Section 1349.)

## COUNT TWO
### (Wire Fraud)

The Grand Jury further charges:

6.  The allegations set forth in paragraphs 1 through 3 are repeated and realleged, and incorporated by reference as if fully set forth herein.

7.  From at least in or about June 2021 through at least in or about July 2021, in the Southern District of New York and elsewhere, SHANE McGREGOR and MEKHI McGOWAN, the defendants, knowingly having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, for the purpose of executing such scheme and artifice, to wit, McGREGOR, McGOWAN, and others engaged in scheme to fraudulently obtain loans from Victim-1 by making false statements in support of loan applications submitted in the names of Members whose identities had been stolen, which scheme involved electronic communications transmitted into and out of the Southern District of New York.

(Title 18, United States Code, Sections 1343 and 2.)

## COUNT THREE
### (Aggravated Identity Theft)

The Grand Jury further charges:

8.  The allegations set forth in paragraphs 1 through 3 are repeated and realleged, and incorporated by reference as if fully set forth herein.

9.  From at least in or about June 2021 through at least in or about July 2021, in the Southern District of New York and elsewhere, SHANE McGREGOR and MEKHI McGOWAN,

3

the defendants, knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), to wit, McGREGOR and McGOWAN used the names and identities of numerousp individuals in connection with the submission of fraudulent loan applications to Victim-1 during and in relation to the wire fraud offenses charged in Counts One and Two of this Indictment.

(Title 18, United States Code, Sections 1028A(a)(1), (b) and (c)(5), and 2.)

## FORFEITURE ALLEGATION

10. As the result of committing the offenses charged in Counts One and Two of this Indictment, SHANE McGREGOR and MEKHI McGOWAN, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any and all property constituting, or derived from, proceeds obtained directly or indirectly, as a result of the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

### Substitute Assets Provision

11. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

>(Title 18, United States Code, Section 982;
>Title 21, United States Code, Section 853; and
>Title 28, United States Code, Section 2461.)

_____
FOREPERSON

_____
DAMIAN WILLIAMS
United States Attorney