UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

MEHKI McGOWAN

**Order of Restitution**

23 Cr. 372 (JHR)

Upon the application of the United States of America, by its attorney, James M. McDonald, United States Attorney for the Southern District of New York, Juliana N. Murray, Assistant United States Attorney, of counsel; the presentence investigation report; the defendant's conviction on Count One of the Indictment; and all other proceedings in this case, it is hereby ORDERED that:

**1. Amount of Restitution**

Mekhi McGowan, the defendant, shall pay restitution in the total amount of $1,318,481.93, pursuant to 18 U.S.C. § 3663A, to the victim of the offense charged in Count One. The name, address, and specific amount owed to the victim are set forth in the Schedule of Victims, attached hereto as Schedule A. Upon advice by the United States Attorney's Office of a change of address of a victim, the Clerk of Court is authorized to send payments to the new address without further order of this Court.

**A. Joint and Several Liability**

Restitution is joint and several with the following defendants in the following case: SHANE McGREGOR, 23 Cr. 372 (JHR). The defendant's liability to pay restitution shall continue unabated until either the defendant has paid the full amount of restitution ordered herein, or every victim in Schedule A has recovered the total amount of each loss from the restitution paid by the defendant and the co-defendant ordered to pay the same victims.

**2. Schedule of Payments**

Pursuant to 18 U.S.C. § 3664(f)(2) (incorporating § 3572), in consideration of the financial resources and other assets of the defendant, including whether any of these assets are jointly controlled; projected earnings and other income of the defendant; and any financial obligations of the defendant; including obligations to dependents, the defendant shall pay restitution in the manner and according to the schedule that follows:

The total amount of restitution is due immediately; however, in the interest of justice, restitution will be payable in installments pursuant to 18 U.S.C. § 3572(d)(1) and (2). The defendant will commence monthly installment payments of at least 15% percent of the defendant's gross monthly income while on supervision, payable on the 15th day of each month, except that while the defendant serves a term of imprisonment, the required installment payments may be made through the Bureau of Prisons' (BOP) Inmate Financial Responsibility Program (IFRP), subject to 18 U.S.C. § 3664(n), and if the defendant does not participate in the IFRP, his monthly payments while serving his term of imprisonment shall be at least $25 per quarter.

This schedule is without prejudice to the Government taking enforcement actions, pursuant to 18 U.S.C. §§ 3613 and 3664(m)(1)(A), to the extent warranted.

**3. Payment Instructions**

The defendant shall make restitution payments by certified check, money order, or online. Instructions for online criminal debt payments are available on the Clerk of Court's website at https://nysd.uscourts.gov/payment-information#PaymentofCriminalDebt. Checks and money orders shall be made payable to the "SDNY Clerk of Court" and mailed or delivered to: United States Courthouse, 500 Pearl Street, New York, New York 10007 - Attention: Cashier, as required by 18 U.S.C. § 3611. The defendant shall write his name and the docket number of this case on each check or money order.

**4. Change in Circumstances**

The defendant shall notify, within 30 days, the Clerk of Court, the United States Probation Office (during any period of probation or supervised release), and the United States Attorney's Office, 86 Chambers Street, 3rd Floor, New York, New York 10007 (Attn: Financial Litigation Program) of (1) any change of the defendant's name, residence, or mailing address or (2) any material change in the defendant's financial resources that affects the defendant's ability to pay restitution in accordance with 18 U.S.C. § 3664(k).

**5. Term of Liability**

The defendant's liability to pay restitution shall terminate on the date that is the later of 20 years from the entry of judgment or 20 years after the defendant's release from imprisonment, as provided in 18 U.S.C. § 3613(b). Subject to the time limitations in the preceding sentence, in the event of the death of the defendant, the defendant's estate will be held responsible for any unpaid balance of the restitution amount, and any lien filed pursuant to 18 U.S.C. § 3613(c) shall continue until the estate receives a written release of that liability.

The Court "retains the power to order restitution—at least where, as here . . . [it] made clear prior to the deadline's expiration that it would order restitution." *Dolan v. United States*, 560 U.S. 605, 608 (2010); *see United States v. Gushlak,* 728 F.3d 184, 192 (2d Cir. 2013) (concluding "that the district court was authorized to enter the restitution order despite section 3664(d)(4)'s ninety-day requirement"); *United States v. Dalicandro*, 711 F. App'x 38, 41 (2d Cir. 2017) (affirming restitution order entered five years after sentencing). Here, at the June 11, 2024 sentencing proceeding, the Court ordered Defendant McGowan "to pay restitution in accordance with a forthcoming order of restitution . . . in the amount of $1,318,481.93." ECF No. 44 at 30:9-11. The Government informed the Court that it would "confer with the victim, and . . . defense counsel" and "submit a proposed restitution order forthwith, after [the] proceedings," along with a joint letter setting forth the parties' positions regarding any interest to be paid. *Id.* at 29:14-15; 31:22-25. The Government filed a proposed order of restitution on August 3, 2026 and stated that it "would be reasonable for the Court to find that this defendant lacks the ability to pay interest and to waive interest." ECF No. 102. In light of the information provided at paragraphs 86-123 of the PSR, ECF No. 37, the Court finds that Defendant McGowan lacks the ability to pay interest and hereby waives interest. The judgment will be amended accordingly.

The Clerk of Court is directed to terminate ECF No. 102.

SO ORDERED:

August 18, 2026
DATE

Jennifer H. Rearden
HONORABLE JENNIFER H. REARDEN
UNITED STATES DISTRICT JUDGE